MATERN LAW GROUP, PC
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
CHRISTOPHER HUGHES (SBN 307456)
chughes@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:   (310) 531-1901

MAKAREM & ASSOCIATES, APLC
RONALD W. MAKAREM, (SBN 180442)
makarem@law-rm.com
JEAN-PAUL LECLERQ (SB #248818)
leclerq@law-rm.com
RANDI L. IBRAHIM (SB #299035)
ibrahim@law-rm.com
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025
Telephone: (310) 312-0299
Facsimile: (310) 312-0296

Attorneys for Plaintiff
JESSICA JUNG, individually and on behalf
of all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JESSICA JUNG, an individual, on behalf of herself and all others similarly situated, | CASE NO.: |
| | CLASS ACTION |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. Failure to Provide Required Meal Periods |
| ESSEX PROPERTY TRUST, INC., a Maryland corporation; and DOES 1 through 50, inclusive, | 2. Failure to Provide Required Rest Periods |
| | 3. Failure to Pay Overtime Wages |
| Defendants. | 4. Failure to Pay Minimum Wages |
| | 5. Failure to Pay All Wages Due to Discharged and Quitting Employees |
| | 6. Failure to Maintain Required Records |
| | 7. Failure to Furnish Accurate |

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1                    CLASS ACTION COMPLAINT

Itemized Wage Statements
8. Failure to Indemnify Employees
   for Necessary Expenditures
   Incurred in Discharge of Duties
9. Unfair and Unlawful Business
   Practices

**DEMAND FOR JURY TRIAL**

Plaintiff JESSICA JUNG ("PLAINTIFF"), an individual, demanding a jury trial, on behalf of herself and all other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of the California state law claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the individual class members exceeds the sum value of $5,000,000, exclusive of interests and costs, and this is an action in which more than two-thirds of the proposed California Class, on one hand, and Defendant ESSEX PROPERTY TRUST, INC. ("ESSEX"), a Maryland corporation, on the other hand, are citizens of different states.

2.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendants ESSEX and DOES 1 through 50, inclusive (collectively, "DEFENDANTS") are subject to personal jurisdiction in this District, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PLAINTIFF

3.      PLAINTIFF is a resident and a citizen of the State of California and a former non-exempt employee of DEFENDANTS.  PLAINTIFF was employed by DEFENDANTS in the County of Ventura from approximately July 2014 to October 2015.

4.      PLAINTIFF brings this action on behalf of herself and the following

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2

CLASS ACTION COMPLAINT

similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

5.     PLAINTIFF, on behalf of herself and all other CLASS MEMBERS, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, unpaid meal and rest break premiums, penalties for failure to pay all wages due to discharged and quitting employees, unreimbursed expenditures and/or losses incurred in discharging their duties, penalties for failure to provide accurate itemized wage statements and failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

## **DEFENDANTS**

6.     PLAINTIFF is informed and believes, and thereon alleges, that Defendant ESSEX is, and at all times relevant hereto was, a Maryland corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that Defendant ESSEX is authorized to conduct business in the State of California and does conduct business in the State of California. Specifically, Defendant ESSEX maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Ventura, State of California.

7.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3

CLASS ACTION COMPLAINT

responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

8.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by his, her or its co-Defendant, and each was the alter ego of the other.

9.     At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay wages for all hours worked, including minimum and overtime wages; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Order.

10.     PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

4

CLASS ACTION COMPLAINT

attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

11.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

12.     This action is appropriately suited for a class action because:

a.     The potential class is a significant number.  Joinder of all current and former employees individually would be impracticable.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, including but not limited to: failing to provide PLAINTIFF and CLASS MEMBERS with proper meal periods by not providing any meal period at all (including second meal periods after ten hours of work) or authorizing and permitting meal periods that were less than 30 minutes, late (starting after the end of the fifth hour of work or after the end of the tenth hour of work), or interrupted; failing to provide PLAINTIFF and CLASS MEMBERS with proper rest periods by not providing any rest periods at all or providing rest periods that were less than 10 minutes, late, or interrupted; failing to pay PLAINTIFF and CLASS MEMBERS one hour of pay at each employee's regular rate of compensation for missed meal and rest periods; failing to pay PLAINTIFF and CLASS MEMBERS for all hours worked and for hours worked off the clock, including overtime compensation; failing to reimburse PLAINTIFF and CLASS MEMBERS for uniforms, personal cell phone charges, and other expenses incurred in discharging their duties; and failing to provide accurate itemized wage statements

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

5

CLASS ACTION COMPLAINT

to PLAINTIFF and CLASS MEMBERS as a result of the meal period, rest period, overtime, and reimbursement violations. These illegal practices and policies were applied to PLAINTIFF and CLASS MEMBERS in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.      PLAINTIFFS' claims are typical of the claims of the CLASS MEMBERS because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.      PLAINTIFF is able to fairly and adequately protect the interests of all CLASS MEMBERS because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

### [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 4-2001, § 11]

### (Against all DEFENDANTS)

13.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 12.

14.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 4-2001, § 11.

15.     DEFENDANTS further violated California Labor Code §§ 226.7 and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

6

CLASS ACTION COMPLAINT

IWC Wage Order No. 4-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that an uninterrupted, 30-minute meal period was not provided.

16.     DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 4-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

17.     As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code § 226.7; IWC Wage Order No. 4-2001, § 12]

### (Against all DEFENDANTS)

18.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 17.

19.     At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 11.

20.     DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 4-2001, § 11 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

CLASS ACTION COMPLAINT

regular rate of pay for each workday that a rest period was not provided.

21.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 4-2001, § 3]

### (Against all DEFENDANTS)

22.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 21.

23.    Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 4-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

24.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194 and IWC Wage Order No. 4-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and IWC Wage Order No. 4-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock;

requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; enforcing an unlawful rounding policy resulting, in practice over time, in the systematic underpayment of overtime wages to PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

25.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

26.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 4-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 1194, 1197; IWC Wage Order 4-2001, § 4]

### (Against all DEFENDANTS)

27.    PLAINTIFF incorporates herein by specific reference, as though fully

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9

CLASS ACTION COMPLAINT

set forth, the allegations in paragraphs 1 through 25.

28.     Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 4-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

29.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; enforcing an unlawful rounding policy resulting, in practice over time, in the systematic underpayment of overtime wages to PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

30.     DEFENDANTS' conduct described herein violates California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 4-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

31.   PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 30.

32.   Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

33.   Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

34.   California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

35.   During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

36.   As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

CLASS ACTION COMPLAINT

37.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## SIXTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 4-2001, § 7]

### (Against all DEFENDANTS)

38.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 37.

39.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, and 1174 and IWC Wage Order No. 4-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

40.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

12

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements
### [Cal. Labor Code § 226; IWC Wage Order No. 4-2001, § 7]
### (Against all DEFENDANTS)

41.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 40.

42.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, piece rate wages, the last four digits of PLAINTIFF and CLASS MEMBERS' social security number or an employee identification number other than a social security number, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 4-2001, § 7.

43.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code § 226(a).

44.     DURING the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statement alone one or more of the following:  the gross wages earned, the total hours worked, all deductions made, the net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity or entities employing PLAINTIFF and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

13

CLASS ACTION COMPLAINT

CLASS MEMBERS, piece rate wages, the last four digits of PLAINTIFF and CLASS MEMBERS' social security number or an employee identification number other than a social security number, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate

45.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

46.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 45.

47.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

48.     During the CLASS PERIOD, DEFENDANTS failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

CLASS ACTION COMPLAINT

phone usage, mileage, and other employment-related expenses, in violation of California Labor Code § 2802.

49.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200, et seq.]

### (Against all DEFENDANTS)

50.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 49.

51.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide required meal periods, DEFENDANTS' failure to provide required rest periods, DEFENDANTS' failure to pay overtime compensation, DEFENDANTS' failure to pay minimum wages, DEFENDANTS' failure to pay all wages due to discharged or quitting employees, DEFENDANTS' failure to furnish accurate itemized wage statements; DEFENDANTS' failure to maintain required records; and DEFENDANTS' failure /or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

52.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

15

CLASS ACTION COMPLAINT

omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

53.     DEFENDANTS have avoided payment of minimum and overtime wages, meal and rest break premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

54.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

55.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them.  PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16                                    CLASS ACTION COMPLAINT

unlawful business practices;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 4-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.    For declaratory relief;

11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action;

12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

///

///

///

///

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

17

CLASS ACTION COMPLAINT

1      13.    For such further relief that the Court may deem just and proper.

2

3    DATED: October 12, 2016          Respectfully submitted,

4                                     MATERN LAW GROUP, PC

5

6                         By:   */s/ Matthew J. Matern*
7                               MATTHEW J. MATERN
                                MATTHEW W. GORDON
8                               CHRISTOPHER HUGHES
                                Attorneys for Plaintiff
9                               JESSICA JUNG, individually, and on
                                behalf of all other persons similarly
10                              situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

18                              CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: October 12, 2016          Respectfully submitted,

                                 MATERN LAW GROUP


                        By:   */s/ Matthew J. Matern*

                              MATTHEW J. MATERN
                              MATTHEW W. GORDON
                              CHRISTOPHER HUGHES
                              Attorneys for Plaintiff
                              JESSICA JUNG, individually, and on
                              behalf of all other persons similarly
                              situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

19

CLASS ACTION COMPLAINT